UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IRSEL RODRIGUEZ GONZALEZ,

       Plaintiff,

    v.

FLORIDA SOFT SIDE SOUTH,
WARDEN;  ICE MIAMI FIELD
DIRECTOR,  U.S. DEPARTMENT
OF HOMELAND SECURITY,
SECRETARY; AND  U.S
ATTORNEY GENERAL,

       Defendants.

Case No. 2:26-cv-1125-KCD-DNF

_____/

## ORDER

Petitioner Irsel Rodriguez Gonzalez has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"). (*Id.* at 7-8.) Respondents oppose the petition (Doc. 11.) For the reasons below, the petition is **DENIED**.

### I. Background

Gonzalez is a native of Cuba who alleges that he entered the United States in 2024. He was detained at the border but then paroled. (Doc. 11-1.) A

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

final order of removal was issued on January 20, 2026, which is now final. (Doc. 11-4.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

Gonzalez claims that his due process rights have been violated because he has not been provided a bond hearing under § 1226. (Doc. 1 at 7.) That argument fails at the outset. Gonzalez is subject to a final removal order dated January 20, 2026, which stands uncontested. (*See* Doc. 11-4.) That means his detention is governed by an entirely different statutory provision.

Section 1226(a) provides that noncitizens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Noncitizens detained under § 1226(a) are entitled to a bond

hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1231, in turn, governs the detention of noncitizens who have been ordered removed. Subsection (a)(2) requires detention of noncitizens during the removal period, which normally begins on the date the removal order becomes administratively final.

According to the only evidence before the Court, there are no pending agency proceedings relevant to Gonzalez's removal. The 2026 removal order is administratively final and ready to be executed. Because he is subject to a final removal order, Gonzalez's detention is governed by § 1231. He is thus not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition.

Gonzalez also argues that his health is deteriorating while in custody. But he provides no authority, or even a legal rationale, that release is available due to such health issues. "[A]bsent a constitutional violation, the decision to release Petitioners—or implement less harsh measures—remains with the Attorney General, not the judiciary." *Matos v. Lopez Vega*, 614 F. Supp. 3d 1158, 1173 (S.D. Fla. 2020). "Ultimately, this case involves a determination reserved for the Attorney General who can adequately review the immigration, health, and criminal records of each detainee at every

detention center and make reasonably informed decisions as to who may be released." *Id.* at 1174.

## IV. Conclusion

For these reasons, Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**ORDERED** in Fort Myers, Florida on May 6, 2026.

Kyle C. Dudek
United States District Judge